UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| VERNON L. STRINGHAM,<br><br>        Plaintiff,<br><br>    v.<br><br>KENNETH S. APFEL, Commissioner of<br>Social Security Administration,<br><br>        Defendant. | CASE NO.   **C04-5443RJB**<br><br>REPORT AND<br>RECOMMENDATION |

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976).  This matter has been fully briefed, and after reviewing the record, the undersigned recommends that the Court affirm the administration's final decision.

INTRODUCTION

Born in 1959, plaintiff, Vernon Stringham, is currently 46 years old, he attended school until the 7th grade, and he has past work experience as a laundry worker, dishwasher, and general laborer.  Mr. Stringham has not gainfully worked since August 31, 1994.

In March 1983, plaintiff lost his footing and landed flat on his back.  Since that time, Mr. Stringham contends he has experienced increasing back and neck pain.  In August 1993, plaintiff was seen for back pain at the Sol Duc Clinic with Dr. Rohani.   After obtaining assistance from the Department of Health and Human Services to obtain EMG studies, plaintiff was diagnosed with spinal canal stenosis and a possible bulging disc.  An MRI by Dr. Klein on February 4, 1994, confirmed a narrowing of the spinal canal,

without any impingement.

Mr. Stringham filed his initial applications for Title II disability and for SSI disability benefits on April 8, 1994 (TR 116, 140). His date last insured for Title II disability benefits was March 31, 1994 (TR 487). These applications were denied initially and upon reconsideration. Mr. Stringham did not file further appeal of these initial applications, but ALJ Robinson reopened these applications in his unfavorable decision (TR 300).

Mr. Stringham filed a second application for SSI disability benefits on June 9, 1995 (TR 153). This application was denied initially and upon reconsideration (TR 161, 183). Mr. Stringham timely filed a Request for Hearing (TR 186). ALJ Robinson conducted Mr. Stringham's first hearing on November 13, 1996 (TR 58-88). ALJ Robinson issued his unfavorable decision on March 7, 1997 (TR 297-309).

Mr. Stringham timely filed a Request for Review of the unfavorable decision with the Appeals Council (TR 310). In support of the Request for Review, Mr. Stringham submitted argument to the Appeals Council (TR 313-15). On July 8, 1998, the Appeals Council issued its order, remanding the case to an ALJ for further proceedings (TR 316-18). Pursuant to this Order of Remand, ALJ Dethloff conducted Mr. Stringham's second hearing on October 26, 1998 (TR 89-115). Testifying at that hearing were Mr. Stringham and a vocational expert called at the request of the ALJ (TR 89). ALJ Dethloff issued his unfavorable ALJ decision on February 9, 1999 (TR 390-414).

Mr. Stringham timely submitted another Request for Review to the Appeals Council (TR 415). On June 15, 2000, the Appeals Council issued its Action of Appeals Council on Request for Review, denying Mr. Stringham's Request for Review of the second unfavorable ALJ decision (TR 5-6). Mr. Stringham timely filed a Complaint for Judicial Review with the District Court (TR 520). Counsel for Mr. Stringham submitted Plaintiff's Opening Brief in that case (TR 518-536). On April 12, 2001, the Court issued an order based on the stipulation of the parties, remanding Mr. Stringham's case for further proceedings (TR 481-83).

On November 6, 2001, the Appeals Council issued an order, remanding the case to an ALJ for further proceedings consistent with the Court order (TR 484-86). On February 10, 2003, ALJ Schellentrager conducted Mr. Stringham's third hearing (TR 539-584). ALJ Schellentrager issued her unfavorable decision on April 3, 2003 (TR 375-386), and on April 28, 2003, counsel for Mr. Stringham

REPORT AND RECOMMENDATION
Page - 2

1  submitted a Statement of Exceptions to the Appeals Council (TR 364-65).  When the Appeals Council
2  declined to review the decision, the ALJ Schellentrager's decision became the final decision of the
3  Commissioner.
4     Plaintiff now brings the instant action pursuant to 205(g) of the Social Security Act ("the Act"), as
5  amended, 42 U.S.C. § 405(g), to obtain judicial review of the final decision denying plaintiff's application
6  for benefits.  Specifically, plaintiff contends: (1) the ALJ failed to properly evaluate or consider plaintiff's
7  impairments in accordance with §1.04 of the Listings; (2) the ALJ failed to properly evaluate plaintiff's
8  testimony and credibility; (3) the ALJ did not properly evaluate his residual functional capacity ("RFC");
9  and (4) the ALJ failed to meet her burden of showing that plaintiff was capable of performing other work
10 in the national economy at step-five.  Defendant counter-argues that the ALJ applied the proper legal
11 standards and that her findings were properly supported by substantial evidence.

## DISCUSSION

13 This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the proper
14 legal standard and there is substantial evidence in the record as a whole to support the decision.  Hoffman
15 v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986).  Substantial evidence is such relevant evidence as a
16 reasonable mind might accept as adequate to support a conclusion.  Richardson v. Perales, 402 U.S. 389,
17 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985).  It is more than a scintilla but less than a
18 preponderance.  Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772
19 F. Supp. 522, 525 (E.D. Wash. 1991).  If the evidence admits of more than one rational interpretation, the
20 Court must uphold the Secretary's decision.  Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).
21 A. THE ALJ PROPERLY REJECTED PLAINTIFF'S SUBJECTIVE COMPLAINTS AND TESTIMONY
22     Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991) (*en banc*), is controlling Ninth Circuit authority
23 on evaluating plaintiff's subjective complaints of pain.  Bunnell requires the ALJ findings to be properly
24 supported by the record, and "must be sufficiently specific to allow a reviewing court to conclude the
25 adjudicator rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a
26 claimant's testimony regarding pain.'"  Id. at 345-46 (quoting Elam v. Railroad Retirement Bd., 921 F.2d
27 1210, 1215 (11th Cir. 1991)).  An ALJ may reject a claimant's subjective pain complaints, if the claimant is
28 able to perform household chores and other activities that involve many of the same physical tasks as a

REPORT AND RECOMMENDATION
Page - 3

particular type of job. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) However, as further explained in Fair v. Bowen, *supra*, and Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996), the Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferrable to a work environment where it might be impossible to rest periodically.

In the case at hand, the ALJ discussed Mr. Stringham's subjective complaints and credibility, concluding:

> As discussed by Judge Robinson and Judge Dethloff, the claimant has had a fairly high level of activity since his alleged onset date. He reported that he could perform all activities of daily living, although those activities took him "far beyond the normal time" to accomplish (Exhibit 38.)
>
> In July 2000, about a month prior to the cervical surgery, the claimant was assessed with mild left shoulder strain. He had been making flower pots out of tires "and straining pretty hard to cut the rubber and invert the tires to form flower pots" (Exhibit 76/2). Not long after the cervical surgery he presented to Dr. Dickson, complaining of right elbow pain. He had been putting up skirting on his trailer and using a screwdriver. Dr. Dickson diagnosed right tennis elbow and recommended an elbow wrap. In October 2000 Dr. Dickson again assessed right tennis elbow, brought on by the use of a hammer. In March 2001 the claimant complained of left scapular pain after helping his brother change the transmission in a car. Dr. Dickson assessed scapular muscle strain (Exhibit 76).
>
> At the hearing the claimant described current activities such as taking the bus and walking to the bus stop. He grubs and cuts brush and bushes, he cooks and does laundry. He continues to smoke 1.5 packs of cigarettes a day and admits he has been told by doctors to stop.
>
> I find that the claimant is not entirely credible. He remains fairly active and medical records back to 1994 document his mowing the lawn and working on cars (Exhibits 42 and 45/3). There is some evidence of embellishment on examination. For example, in June 1994 a doctor at Virginia Mason Clinic, Lynne Taylor, M.D., commented that the claimant's symptoms exceeded the findings concerning his neck. His neurologic examination was normal with the exception of mild hyperreflexia consistent with a mild cervical spinal cord compression. Dr. Taylor was concerned about possible narcotic medication abuse and advised against prescribing these substances (Exhibit 45/1).
>
> I find that the claimant has been motivated by secondary gain in claiming he is unable to do any work. His alcohol history and failure to comply with the court order for treatment, call his compliance into question and makes his report of current alcohol use suspect. I find he is not entirely credible as to his functional capabilities and his substance use, given his history of non-compliance, failure to complete treatment and desire to receive public assistance.

Tr. 382-383.

After reviewing the record and the exhibits relied on by the ALJ, this court finds that the ALJ's decision is properly supported, and he did not arbitrarily discredit plaintiff's testimony and subjective complaints of pain and total disability.

REPORT AND RECOMMENDATION
Page - 4

B.   THE ALJ PROPERLY EVALUATED PLAINTIFF'S IMPAIRMENTS

If the administration concludes a claimant's condition meets or equals one of the listed impairments contained in the regulations, the claimant is entitled to benefits without considering further factors, such as a claimant's residual functional capacity. Most of the Listed impairments are considered severe enough to prevent a person from doing any gainful activity and are permanent or expected to result in death or a specific duration. For all others, the evidence must show that the impairment has lasted or is expected to last for a continuous period of at least 12 months. *See* 20 C.F.R. § 416.925. Plaintiff argues the ALJ erred by not concluding that his condition meets or equals §1.04 of the Listings, which applies to significant spinal disorders. Section 1.04 is met by having a spinal disorder which results in a compromise of a nerve root or the spinal cord, with evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, and motor loss accompanied by sensory or reflex loss.

Here, the medical evidence shows that Mr. Stringham suffered from cervical spinal stenosis, but not to the extent that it met the Listing requirements of §1.04. A CT scan in 1993 showed findings suggesting congenital spinal canal narrowing and a bulging disc at C5-6 (Tr. 281-82). The follow up MRI in 1994 revealed cervical spondylosis with a spur complex at C5-6 and C6-7, and minimal spurring at C4-5. There was no evidence of herniation and the cervical spinal cord had normal signal characteristics (Tr. 264-65). Plaintiff's treating physician, Farrokh Rohani, M.D., wrote in December 1994 that Plaintiff had congenital stenosis and neck pain limiting him to sedentary work (Tr. 267-68). Dr. Rohani also commented that, with surgical intervention, Plaintiff's condition would be likely to improve (Tr. 267). The ALJ properly relied on substantial evidence in the record to conclude that plaintiff did not meet §1.04 of the Listings.

C.   THE ALJ PROPERLY EVALUATED PLAINTIFF'S RESIDUAL FUNCTIONAL CAPACITY

If the ALJ cannot determine whether a claimant is disabled based on a claimant's current work activity or on medical facts alone, and a claimant has a severe impairment(s), a review is made of the claimant's residual functional capacity ("RFC") and the physical and mental demands of the work a claimant did in the past. 20 C.F.R. § 404.1520(e).

In this case, the ALJ concluded that plaintiff has the RFC to "lift/carry 10 pounds occasionally and five pound frequently and stand/walk two hours in an eight hour day" and the ability to perform the full

REPORT AND RECOMMENDATION
Page - 5

range of sedentary work. (Tr.386). The ALJ found plaintiff was not able to perform his past relevant work as a laundry worker, dishwasher, or general laborer.

Plaintiff argues that the ALJ's decision is not properly supported by the record. Specifically, plaintiff argues Dr. Rohani and Dr. Dickson both found limitations which would at least limit the ALJ's finding that he was capable of performing a full range of sedentary work. After reviewing the ALJ's decision, this court is not persuaded by plaintiff's argument.

Substantial evidence in the record supports the ALJ's decision. Plaintiff admitted at the hearing that he "used to have numbness in my hands," but only once in a while after the surgery (Tr. 563-64). Again, the objective evidence showed complete resolution of the parasthesias in his hands (tr. 498). When asked if he could perform sedentary work, Plaintiff speculated that he could not, but not because of exertional requirements or hand numbness (Tr. 565). Rather, he thought such work would require additional schooling and he did not want to go to school because "I especially don't care for school" (Tr. 565). The ALJ and the vocational expert found jobs that would meet Plaintiff's concerns - as a credit card clerk, an unskilled, sedentary job, requiring no additional schooling and virtually no on the job training (Tr. 577). The ALJ's RFC was further supported by Dr. Dickson, who reported in March 2003 that Mr. Stringham had somewhat limited neck motion, decreased grip strength prohibiting heavy car mechanic work, but good pinch strength, and could perform sedentary work without noting any limitations (Tr. 369, 372). He suggested sheltered work, but the Appeals Council noted that the examination findings did not support that extreme need (Tr. 356). Dr. Rohani also found Plaintiff could consistently perform sedentary work without any special accommodation for hand numbness (Tr. 241, 247, 268, 328, 336, 345, 348, 495, 496).

D.  SUBSTANTIAL EVIDENCE SUPPORTS THE ALJ'S FINDING THAT MR. STRINGHAM COULD PERFORM OTHER WORK IN THE NATIONAL ECONOMY

Plaintiff argues the ALJ erred at step-five of the five-step process used by the administration to determine disability. At step-five the burden of proof shifts to the Commissioner to produce evidence of other jobs existing in significant numbers in the national economy that Plaintiff could perform in light of his age, education, work experience, and residual functional capacity. *See* Tackett v. Apfel,180 F.3d 1094,1099 (9th Cir. 1999); Roberts v. Shalala, 66 F.3d 179, 184 (9th Civ. 1995). In Tackett, the court noted "there are two ways for the Commissioner to meet the burden of showing that there is other work in 'significant numbers' in the national economy that claimant can perform: (a) by the testimony of a

vocational expert, or (b) by reference to the Medical-Vocational Guidelines at 20 C.F.R. Pt. 404, subpt. P, app. 2." Id.

Here, relying on the testimony of a vocational expert, the ALJ found Mr. Stringham was capable of performing work as a telephone solicitor, credit card clerk, or ornamental fabricator. Defendant acknowledges the ALJ's decision with respect to the telephone solicitor and ornamental fabricator jobs may not be work within the sedentary range. However, the credit card clerk position was a legitimate finding. Plaintiff's argument is based on the allegations that the ALJ erred in her treatment of plaintiff's testimony and her evaluation of plaintiff's RFC, but as explained above, no error occurred when the ALJ addressed those two issues. Accordingly, plaintiff's argument that the ALJ erred when she asked the vocational expert to identify available sedentary jobs without further limitations is without merit

## CONCLUSION

Based on the foregoing discussion, the Court should affirm the Administration's final decision denying plaintiff's application for social security disability benefits. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 16, 2005**, as noted in the caption.

DATED this 25th day of August, 2005.

                                            /s/ J. Kelley Arnold
                                            J. Kelley Arnold
                                            U.S. Magistrate Judge